

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
10/20/2011

| | |
|---|---|
| IN RE | ) |
| | ) |
| NEW LUXURY MOTORS, LLC, ET AL. | ) CASE NO. 10-30835-H3-7 |
|     Debtors, | ) |
| RANDY W. WILLIAMS, TRUSTEE, | ) |
|     Plaintiff, | ) |
| v. | ) ADV. NO. 11-3041 |
| HUNTINGTON NATIONAL BANK, | ) |
|     Defendant. | ) |

MEMORANDUM OPINION

The court has held a trial in the above captioned adversary proceeding. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment for Plaintiff will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

New Luxury Motors, LLC and four related entities ("Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code on February 1, 2010. The cases were converted to Chapter 7 by order entered March 30, 2010. Randy W. Williams ("Plaintiff") is the Chapter 7 Trustee.

On January 29, 2010, Debtor Luxury Motors Las Vegas, LLC ("LMLV") issued Check No. 019748, in the amount of $35,215.55, payable to "Huntington Natl Bank." (Plaintiff's Exhibit 2). The check was paid to Huntington National Bank ("Defendant") on February 2, 2010, one day after the date of filing of the bankruptcy petition. (Plaintiff's Exhibit 3).

In the complaint in the instant adversary proceeding, Plaintiff seeks avoidance and recovery of the transfer to Defendant by Check No. 019748 under Section 549 of the Bankruptcy Code. (Docket No. 1).

Defendant contends in its answer that the transfer "was authorized by the court or under applicable bankruptcy law." Defendant alternatively contends that the property transferred was not property of the estate.

In support of its contentions, Defendant introduced ten exhibits, all apparently related to a 2004 BMW 745. The documents are a retail installment contract dated May 15, 2008, between Ryan J. Simon and LMLV; a remittance advice; what appears to be a screen print from a computer system describing Simon's account; a Mississippi application for a certificate of title dated May 20, 2010, reflecting an owner's name of Evelyn L. Woods; an Arkansas certificate of title issued on April 21, 2010 showing GMAC as the owner; a document (not identifying its date or the state in which it was filed) purporting to be an

assignment of title from GMAC to Online Car Finders LLC; a Georgia document dated May 20, 2010 assigning title from Online Car Finders, LLC to Woods; a bill of sale dated May 20, 2010 reflecting sale from Online Car Finders, LLC to Woods; a Georgia tax exemption certificate reflecting sale to Woods; and various financing statements filed in Nevada with respect to LMLV. (Defendant's Exhibits 2-11). Defendant presented no testimony.

None of these documents establish that the funds transferred to Defendant were not property of the bankruptcy estate. Defendant presented no evidence in support of its contention that the transfer was authorized by the court or under applicable bankruptcy law.

## Conclusions of Law

Section 549(a)(2)(B) of the Bankruptcy Code provides in pertinent part:

> [T]he trustee may avoid a transfer of property of the estate--
>
> * * *
>
> (2)(B) that is not authorized under this title or by the court.

11 U.S.C. § 549(a)(2)(B).

Bankruptcy Rule 6001 provides: "Any entity asserting the validity of a transfer under § 549 of the Code shall have the burden of proof." Rule 6001, Fed. R. Bankr. P.

3

A transfer by check occurs on the date the check is honored by a bank. Barnhill v. Johnson, 503 U.S. 393, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992).

Checking account balances become property of the bankruptcy estate once a bankruptcy petition is filed. See In re Webb, 432 B.R. 234 (Bankr. N.D. Miss. 2010).

In the instant case, it is clear that a postpetition transfer of the property of the estate occurred. Defendant failed to meet its burden of proof as to the validity of the transfer. The court concludes that the transfer is subject to avoidance pursuant to Section 549(A)(2)(B) of the Bankruptcy Code and recovery pursuant to Section 550 of the Bankruptcy Code.

Based on the foregoing, a separate Judgment will be entered allowing recovery by Plaintiff of $35,215.55 from Defendant.[1]

Signed at Houston, Texas on this 20 day of Oct, 2011.

/s/ Letitia Paul
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[1] The court notes that Plaintiff requested an award of prejudgment interest. Plaintiff presented no evidence to support the contention that a rate of 5 percent is applicable. The court determines that prejudgment interest should be awarded at the applicable federal rate for judgments on the date of entry of the judgment.